**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| Q.W., AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>G6 HOSPITALITY PROPERTY LLC,<br><br>Defendant. | Case No. ________________<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff Q.W. by and through the undersigned counsel and respectfully submits her complaint for damages and makes the following averments.

**INTRODUCTION**

1. This action for damages is brought by Q.W. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the hotel owner and hotel operator of the subject premises and subject hotel, located at 52 Freeman Road, Williamsville, New York 14221 and doing business as Motel 6, during the relevant time period that Plaintiff was trafficked there from June through September 2022 and as such responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises.

3. During the relevant time period, Defendant was the owner of the subject premises located at 52 Freeman Road, Williamsville, New York 14221.

4. During the relevant time period, Defendant was the operator of the subject premises located at 52 Freeman Road, Williamsville, New York 14221.

5. Plaintiff was born in September 2006 and resides in New York State.

6. Plaintiff meets the definition of a sex trafficking victim under the TVPRA as her trafficker induced her to have sex with sex buyers at Defendant's subject hotel before attaining the age of 18. Plaintiff was a minor throughout the entire relevant time period that she was sex trafficked at Defendant's subject hotel.

7. Plaintiff's claims are timely pursuant to 18 U.S.C. § 1595(c), as this action is commenced not later than 10 years after the cause of action arose and not later than 10 years after Plaintiff reached 18 years of age, the conduct alleged herein having occurred from June through September 2022 while Plaintiff was a minor.

8. As hotel owner and hotel operator, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for their subject property where Plaintiff was sex trafficked.

9. The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well as numerous other legislative initiatives, put Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

10. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2022, training guides and videos had long been available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

11. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex

trafficking crime. See 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against civil defendants.

**PARTIES**

12. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

13. Plaintiff is currently a resident of New York.

14. At all times relevant and material, Defendant G6 HOSPITALITY PROPERTY LLC owned and operated a hotel doing business as Motel 6 and located at 52 Freeman Road, Williamsville, New York 14221 and was authorized to do, licensed to do, and was doing business in the aforesaid State offering the subject hotel as a place of public lodging.

15. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is 4100 International Pkwy, Carrollton, TX 75007.

## JURISDICTION AND VENUE

16. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and/or Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

18. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4100 International Pkwy, Carrollton, TX 75007 within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

19. As the hotel owner and hotel operator during the relevant time period for the subject property, Defendant G6 HOSPITALITY PROPERTY LLC, (headquartered at 4100 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for their subject property where Plaintiff was sex trafficked.

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

20. Plaintiff sets forth an action for violation of 18 U.S.C. § 1595 as against Defendant.

21. At all relevant times, Defendant, as owner and operator of the subject hotel, was involved in the staffing and operation of Defendant's subject hotel where Plaintiff was trafficked for sex as a minor during the relevant time period of Defendant's ownership, from June through September 2022.

22. Plaintiff was trafficked by one female trafficker known to Plaintiff by the nickname "Auntie Pie."

23. Upon information and belief, Plaintiff's trafficker was subsequently the subject of criminal proceedings arising from her trafficking conduct.

24. Plaintiff was sex trafficked at Defendant's subject hotel on an intermittent basis from June through September 2022, with Plaintiff and her trafficker staying at the subject hotel for stints of approximately three to four days at a time, on and off, throughout the relevant time period.

25. Rooms rented for use for the sex trafficking of Plaintiff on Defendant's subject premises were rented by the trafficker or at the direction of the trafficker.

26. Discovery will inform whether the trafficker, (or individuals at the trafficker's direction), booked rooms at the subject hotel that were used for the sex trafficking of the Plaintiff in violation of the TVPRA:

a. Under the registrant's proper legal name or a false name;

b. Whether cash, prepaid card, debit card or credit card was used at the time of respective booking or renewal; and

c. Whether staff of Defendant required for each booking that the renter show their identification.

27. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotel by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA from June through September 2022.

28. Defendant rented rooms to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

29. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

30. Discovery will inform whether Plaintiff was advertised online by her trafficker, including by means of Defendant's Wi-Fi service at the subject hotel, from which Wi-Fi service Defendant, upon information and belief, received financial benefit.

31. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to the Plaintiff herein.

32. Operating hotels and renting out rooms is an enterprise involving risk and potential profit.

33. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

34. Defendant's association with the Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior commercial dealings with Defendant at the subject hotel premises by means of rooms repeatedly rented by the trafficker (or at the direction of the trafficker) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

35. Defendant's repeated rental of rooms to Plaintiff's trafficker (or an individual renting at the direction of the trafficker), at the subject hotel, was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during time that Plaintiff was

trafficked at the subject hotel, were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

36. A continuous business relationship existed between Defendant's hotel, its agents, employees and staff, and Plaintiff's trafficker's sex trafficking business, in part, in that Defendant provided assistance, support, or facilitation to the Plaintiff's trafficker at the subject hotel by repeatedly renting rooms to individuals they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

37. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's trafficker (or at the direction of her trafficker) at the subject hotel that were used for sex trafficking, including as to the Plaintiff, from June through September 2022.

38. Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

39. Defendant participated in a venture that Defendant knew or should have known was trafficking Plaintiff at Defendant's hotel in violation of the TVPRA.

40. Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

41. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's subject hotel, including as to the Plaintiff, a victim and a minor, due to the many red flags then and there existing, including but not limited to:

a. Steady foot traffic of sex buyers to the trafficker's rented rooms to have sex with Plaintiff who had obvious and overt appearance of a minor;

b. During the period Plaintiff was trafficked, Plaintiff, then a minor was visible to Defendant's staff on hotel grounds and during direct interactions, appearing visibly underage and wearing sexually explicit clothing;

c. Plaintiff was caused by her trafficker to solicit sex buyers directly in front of the subject hotel while wearing sexually explicit clothing, in an area of the subject premises which, upon information and belief, the trafficker selected because it lacked camera surveillance -- or the trafficker so believed;

d. Plaintiff's trafficker stationed herself immediately outside the subject rented rooms while sex buyers were inside the rooms with Plaintiff, and returned to the rooms when each sex buyer finished, conduct which was observable to Defendant's staff;

e. Plaintiff's trafficker forced Plaintiff to consume alcohol and to ingest cocaine when sex buyers came to the subject rented rooms, and Plaintiff was visibly impaired;

f. Inside the hotel rooms rented by the trafficker (or at the direction of the trafficker) there were suspicious people and suspicious items including bags of cocaine, liquor bottles, and condoms, which was observed by housekeeping staff or should have been so observed;

g. Plaintiff's trafficker directly instructed Defendant's housekeeping staff not to enter the subject rented rooms;

h. Plaintiff's rooms exhibited signs of commercial sex work;

i. Intermittent loud noise, screaming and verbal threats emanating from rooms where sex trafficking of Plaintiff was occurring;

j. Other commonly known sex trafficking red flags which the Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

42. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 41 above.

43. When being trafficked at the subject hotel from June through September 2022, Plaintiff and her trafficker interacted with Defendant's staff, and Defendant's staff witnessed and observed Plaintiff, her trafficker as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises, including the trafficker's direct instruction to housekeeping staff not to enter the subject rooms.

44. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

45. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate

and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking as a minor child when at the subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers, while being trafficked, and while simultaneously being under fear of severe harm if she did not comply as well as all residual injuries suffered by PTSD.

46. Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guest's behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

47. Plaintiff being sex trafficked at Defendant's subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as a minor child as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

48. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at their hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's subject hotel in violation of the TVPRA.

49. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a). All available compensatory damages for the described losses with respect to the above cause of action;

b). Past and future emotional distress;

c). Consequential and/or special damages;

d). All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e). Physical pain and suffering;

f). Disgorgement of profits obtained through unjust enrichment;

g). Restitution;

h). All damages allowable under the TVPRA;

i). Reasonable and recoverable attorney's fees;

j). Punitive damages with respect to the cause of action asserted herein;

k). Costs of this action; and

l). Pre-judgment and all other interest recoverable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: June 11, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd

**THE BYRD LAW FIRM**
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis, Esq.
**DOUGLAS AND LONDON, P.C.**
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky, Esq.
**DOUGLAS AND LONDON, P.C.**
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

*Attorneys for Plaintiff*